# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. TURNER, | No. 2:18-cv-2672 DB P |
| Plaintiff, | |
| v. | ORDER |
| CA DEPT. CORRS. AND REHAB., et al. | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, the court will grant plaintiff's motion to proceed in forma pauperis and give plaintiff the choice of proceeding on some claims in his complaint or amending the complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.     Analysis**

**A.  Allegations of the Complaint**

Plaintiff complains of conduct that occurred at the California Health Care Facility ("CHCF") where he is currently confined. Plaintiff identifies the following defendants: (1) the California Department of Corrections and Rehabilitation ("CDCR"), (2) CEO Dr. Anise Adams, (3) Dr. Galen Church, (4) Dr. Robert Anderson, and (5) RN K. Bajwa. (ECF No. 1 at 2-3.)

In his first claim, plaintiff alleges that for several months in the Spring of 2017, he suffered intense, undiagnosed pain in his lower torso. He states that the pain was so severe that it interfered with his daily activities, including school and dialysis treatments. Plaintiff alleges that defendant Anderson, plaintiff's primary care physician, was aware of plaintiff's pain starting in March 2017. Plaintiff alleges that in June 2017, Anderson reduced plaintiff's pain medication based on his personal animosity toward plaintiff. Plaintiff alleges Anderson stated that plaintiff was "faking" his pain. (ECF No. 1 at 4, 16-17, 22.)

In his second claim, plaintiff alleges that he stated that his pain medications were not working in front of prison staff and other inmates. Defendant Anderson then threated to withhold

treatment if plaintiff ever talked about his medical problems on the clinic floor again. Anderson then reduced plaintiff's pain medication, leaving plaintiff with no "meaningful relief" from his pain. (ECF No. 1 at 5.)

Plaintiff's third and fourth claims allege a violation of the Americans with Disabilities Act ("ADA") and the Eighth Amendment. Plaintiff states that he is a dialysis patient. However, he has been unable to get his full dialysis treatment because defendant Anderson has not provided adequate pain medication. As a result, plaintiff's is unable to lie prone for the periods of time required by dialysis. (ECF No. 1 at 6, 7.)

In his fifth claim, plaintiff contends defendant Church was Anderson's supervisor. He states that Anderson failed to provide him with appropriate care due to his inability to operate the computer. When plaintiff filed a grievance, Church reviewed it. On August 3, 2017, Church interviewed plaintiff. Therefore, Church was aware of both Anderson's inability to use the computer and plaintiff's complaints of pain. However, Church failed to remedy the problems by properly training Anderson or by providing plaintiff with appropriate care for his pain. According to plaintiff, these actions by Church amount to deliberate indifference to his serious medical needs. (ECF No. 1 at 8, 17-18, 24-25.)

In his sixth claim, plaintiff states that defendant Adams is responsible for training all medical staff at CHCF. Plaintiff alleges Adams was aware of his complaints of pain from a June 2017 letter from his wife to Adams. On June 27 and July 13, 2017, plaintiff was interviewed by the ombudsman Eric Joe. He alleges that Joe also informed Adams about plaintiff's pain and problems with Anderson. However, Adams took no action to help plaintiff. (ECF No. 1 at 9, 18-19.)

Plaintiff next alleges defendant Anderson was negligent when he misdiagnosed plaintiff's pain as kidney stones and thereafter failed to treat his pain appropriately. (ECF No. 1 at 10 (Claim VII).) He alleges defendant Bajwa, in her role as an assistant to Anderson, was negligent when she failed to document plaintiff's pain. (Id. at 11, 25 (Claim VIII).)

Plaintiff seeks damages and declaratory and injunctive relief. (ECF No. 1 at 12.)

////

4

### B. Does Plaintiff State Cognizable Claims?

#### 1. Eight Amendment Deliberate Indifference

##### a. Legal Standards

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320). In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### b. Eighth Amendment Medical Claims

Plaintiff contends defendants Anderson, Church, and Adams were aware of his lower torso pain but failed to provide him with appropriate treatment to relieve it. As a result, plaintiff was unable to participate in school, take care of his hygiene needs, and receive the prescribed amount of dialysis. The court finds plaintiff has stated potentially cognizable Eighth Amendment deliberate indifference claims against these three defendants.

////

////

### 2. Failure to Train

To establish a failure-to-train claim, a plaintiff must show that "'in light of the duties assigned to specific officers or employees, the need for more or different training [was] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need.'" Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989)). A plaintiff must allege facts showing the failure to train resulted from a defendant's "deliberate" or "conscious" choice and that a sufficient causal connection exists between the supervisor's wrongful conduct and the alleged constitutional violation. Canell v. Lightner, 143 F.3d at 1213 (citation omitted).

Ordinarily, a single constitutional violation by an untrained employee is insufficient to demonstrate deliberate indifference for purposes of failure to train. Connick v. Thompson, 563 U.S. 51, 62 (2011). Instead, a plaintiff must usually demonstrate "[a] pattern of similar constitutional violations by untrained employees." Id. In a failure-to-train case, however, a plaintiff need not always prove that there have been repeated violations. Even in the absence of a prior pattern of constitutional violations, Canton instructs that in some situations the need for training is "so obvious" and "so likely to result in the violation of constitutional rights," that "the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." Canton, 489 U.S. at 390. In the rare case, "a particular showing of obviousness can substitute for the pattern of violations ordinarily necessary to establish municipal culpability." Wereb v. Maui Cnty., 830 F. Supp. 2d 1026, 1032 (D. Hawaii 2011) (quoting Connick, 563 U.S. at 64). If a violation of a protected right is a "highly predictable consequence" of a decision not to train, it is possible to establish a "failure in a . . . training program . . . so obviously deficient that it could lead to liability for damages resulting from a single violation." Id. A complete absence of training supports an inference of deliberate indifference. Connick, 563 U.S. at 67–68 (quoting Canton, 489 U.S. at 391).

////

7

Plaintiff alleges Church and Adams failed to train Anderson with respect to Anderson's use of the computer. However, plaintiff does not describe Anderson's failures on the computer or how those failures caused plaintiff harm. To the extent plaintiff is attempting to allege Church and Adams failed to train Anderson in some other way, he must specifically describe how Church and Adams deliberately failed to train Anderson and how that failure resulted in foreseeable harm to plaintiff. Plaintiff's allegations in the complaint are too broad and non-specific to state a failure-to-train claim. See Edgerly v. City & Cnty. of S.F., 599 F.3d 946, 962 (9th Cir. 2010) (dismissing supervisory liability claim when no facts "suggest [Sheriff] provided any training to Officers...., or that he was responsible for providing formal training to any officers."). Plaintiff will be given an opportunity to amend this claim.

### 3. Americans with Disabilities Act

#### a. Legal Standards

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II authorizes suits by private citizens for money damages against public entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity,'" Pennsylvania Dept. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998).

"Generally, public entities must 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" Pierce v. County of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)). The state is responsible for providing inmates with "the fundamentals of life, such as sustenance, the use of toilet and bathing facilities, and elementary mobility and communication," and as such, the ADA requires that these "opportunities" be provided to disabled inmates "to the same extent that they are provided to all other detainees and prisoners." Armstrong v. Schwarzenegger, 622 F.3d 1058,

1068 (9th Cir. 2010); see also Pierce, 526 F.3d at 1220 (finding ADA violation where defendant failed to articulate "any legitimate rationale for maintaining inaccessible bathrooms, sinks, showers, and other fixtures in the housing areas and commons spaces assigned to mobility- and dexterity-impaired detainees").

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that the defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

### b. Does Plaintiff State a Cognizable ADA Claim?

Plaintiff appears to be alleging that his need for dialysis constitutes a disability and that the failure to provide him with the medication he needs to have dialysis constitutes a violation of the ADA. Assuming the need for dialysis qualifies plaintiff as disabled under the ADA, plaintiff makes no allegations that he was intentionally deprived of medication for his pain because of his disabled status. The ADA remedies discrimination based on a disability. Plaintiff's claims are more appropriately brought under the Eighth Amendment deliberate indifference standards set out

above. However, out of an abundance of caution, the court will permit plaintiff to amend his complaint to include claims under the ADA. Plaintiff is warned that he must carefully review the ADA standards set out above before attempting to do so.

### 4. Negligence

With respect to plaintiff's state law claims for negligence, he is advised that section 945.4 of the Government Claims Act provides that

> [n]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division *until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board*, in accordance with Chapters 1 and 2 of Part 3 of this division.

Cal. Gov't Code § 945.4 (emphasis added). Section 950.6 provides that

> "[w]hen a written claim for money or damages for injury has been presented to the employing public entity: (a) a cause of action for such injury may not be maintained against the public employee or former public employee whose act or omission caused such injury *until the claim has been rejected, or has been deemed to have been rejected, in whole or in part by the public entity*."

Cal. Gov't Code § 950.6 (emphasis added). See also Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009) ("A plaintiff's supplemental state law claims against a California public agency are barred unless the plaintiff has complied with the requirements of the [Government] Claims Act before commencing a civil action.") (citing Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995)).

The claims-presentation requirement "constitutes an element of any cause of action arising under the Government Claims Act." Mohsin v. Cal. Dep't of Water Res., 52 F. Supp. 3d 1006, 1017-18 (E.D. Cal. 2014). Failure to meet this requirement subjects a claim to dismissal for failure to state a cause of action. Yearby v. California Dep't of Corr., No. 2:07–cv–2800 JAM KJN P, 2010 WL 2880180, at *4-5 (E.D. Cal. July 21, 2010), rep. and reco. adopted, 2010 WL 3769108 (E.D. Cal. Sept. 22, 2010). "Plaintiffs must 'allege facts demonstrating or excusing compliance with the claim presentation requirements.'" Butler v. Los Angeles County, 617 F.

Supp. 2d 994, 1001 (C.D. Cal. 2008) (quoting State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004) (holding that "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action")).

Because plaintiff has not alleged that he complied with the Government Claims Act, his state law claims may be dismissed unless he demonstrates such compliance.

### 5. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff's filing of the staff complaint qualifies as protected conduct under the First Amendment. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff alleges that after he told staff and other inmates that his pain medication was not working, Anderson retaliated against him by warning him not to talk about his problems again and by reducing his pain medications. Plaintiff fails to allege a claim of retaliation for the exercise of his First Amendment rights. The First Amendment does not protect every type of speech. Complaining about a matter of personal, not public, concern is not protected speech. See Quezada v. Herrera, No. 1:10-cv-0483-AWI-GBC (PC), 2012 WL 1076130, at *4 (E.D. Cal. Mar. 29, 2012) (complaining that inmates had to wear hairnets not protected speech), aff'd, 520 F. App'x 559 (9th Cir. 2013); Thomas v. MCSO, No. CV 09-0708-PHX-DGC (JRI), 2009 WL 1311992, at *3 (D. Ariz. May 12, 2009) (calling an officer a derogatory name is not protected conduct); Ruiz v. Cal. Dept. of Corr., No. CV 07-1775 JSL (SS), 2008 WL 1827637, at *2 (C.D. Cal. Apr. 22, 2008) (prisoner's comments expressing dissatisfaction about matters of personal concern to inmate was not a matter of public concern protected by the Free Speech Clause); Whitfield v. Snyder, 263 F. App'x 518 (7th Cir. 2008) (prisoner's complaint about prison job

////

11

involved matters of personal, rather than public, concern and did not qualify as protected speech). Accordingly, plaintiff fails to state a cognizable claim for retaliation.

### C. Conclusion

The court finds above that plaintiff has stated potentially cognizable claims for deliberate indifference in violation of the Eighth Amendment against defendants Anderson, Church, and Adams. Plaintiff may proceed on these claims or he may amend his complaint to attempt to state additional claims. Plaintiff is warned that in any amended complaint he include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to amend his complaint, he must attempt to address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R.

Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is granted.
2. Plaintiff may choose to proceed on his Eighth Amendment claims against defendants Anderson, Church, and Adams or he may choose to amend his complaint.
3. If plaintiff chooses to proceed on only his Eighth Amendment claims against defendants Anderson, Church, and Adams, he shall so notify the court within thirty days. The court will then order service of the complaint on these three defendants and will recommend dismissal of plaintiff's remaining claims.
4. If plaintiff chooses to amend his complaint, within thirty days from the date of service of this order, he may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff's failure to file an amended complaint

within the time provided, or otherwise respond to this order, will result in the case proceeding on plaintiff's Eighth Amendment claims against defendants Anderson, Church, and Adams, as described above. The court will then recommend dismissal of plaintiff's remaining claims.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: January 21, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/turn2672.scrn