UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT C. TURNER,

    Plaintiff,

    v.

CA DEP'T CORR'S & REHAB, et al.,

    Defendants.

No. 2:18-cv-2672 MCE DB P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Before the court are plaintiff's requests for an extension of time, for assistance locating defendant Dr. Robert Anderson, and for the appointment of counsel. Because the court finds good cause to request the assistance of defendants' counsel in locating Anderson, this court vacates the order requiring plaintiff to provide new service information for Anderson and denies plaintiff's motion for an extension of time as moot. In addition, this court does not find appointment of counsel warranted at this juncture.

**MOTION FOR ASSISTANCE IN LOCATING DEFENDANT ANDERSON**

This court found service of the complaint appropriate on defendants Adams, Church, and Anderson. Plaintiff originally submitted service documents for these defendants on July 1, 2019. (ECF Nos. 17, 18.) On July 12, this court ordered the United States Marshal to seek waiver of service from each defendant. (ECF No. 20.) On October 15, 2019, executed waivers of service

were filed by defendants Adams and Church.  (ECF Nos. 23, 24.)  On November 20, 2019, an unexecuted summons was returned for defendant Anderson.  (ECF No. 26.)  A notation on the summons states "Per CDCR they do not have a Robert Anderson."

In an order filed November 25, 2019, this court ordered plaintiff to provide additional information to serve defendant Anderson.  (ECF No. 27.)  On December 16, plaintiff submitted service documents for Anderson.  (ECF No. 32.)  However, plaintiff provided no address for service on Anderson.  The court then gave plaintiff an additional thirty days to submit a proper form.  (ECF No. 33.)

On January 6, 2020, plaintiff submitted incomplete service forms and provided no explanation of what he had done to locate Anderson.  (ECF No. 35.)  In an order filed January 9, 2020, this court again directed plaintiff to make efforts to locate an address for Anderson.  (ECF No. 36.)

On March 5, plaintiff filed the present motion for an extension of time and request for assistance in locating Anderson.  (ECF No. 38.)  Plaintiff explains that he and his spouse have attempted to search for Anderson through on-line searches and through contact with several governmental agencies.

Because plaintiff has made significant efforts to locate Anderson, this court will direct defendants' counsel to determine whether Anderson was employed by CDCR in 2017 when he worked at the California Health Care Facility ("CHCF").  If he was, defendants' counsel shall attempt to obtain either a forwarding address for Dr. Anderson or other identifying information, such as a medical license number.  If Anderson worked at CHCF through a contracting agency, defendants' counsel shall contact that agency in an attempt to locate similar information.  The court notes that the records provided by plaintiff with his complaint show that the defendant's name is Robert E. Anderson.  (See ECF No. 1 at 51, 52, 53.)

### MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel to assist him in locating defendant Anderson.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,

298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within twenty days of the filed date of this order, defendants' counsel shall contact CDCR to determine whether Robert E. Anderson, M.D., was employed by CDCR in 2017 when he worked at the California Health Care Facility ("CHCF"). If he was, defendants' counsel shall attempt to obtain either a forwarding address for Dr. Anderson or other identifying information, such as a medical license number. If Dr. Anderson worked at CHCF through a contracting agency, defendants' counsel shall contact that agency in an attempt to locate similar information.

2. Within twenty-five days of the filed date of this order, defendants' counsel shall file a document explaining the result of the contacts he made pursuant to paragraph 1.

3. The directive set out in the January 9, 2020 order for plaintiff to submit service forms for Anderson is vacated.

4. Plaintiff's request for an extension of time (ECF No. 38) is denied as moot.

5. Plaintiff's request for the appointment of counsel (ECF No. 38) is denied, without prejudice.

Dated: March 13, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB/prisoner-civil rights/turn2672.31(2)

3