UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>CA DEPT. CORR. AND REHAB., et al.,<br><br>    Defendants. | No.  2:18-cv-2672 MCE DB P<br><br><br>ORDER |

Plaintiff is a state prisoner who is proceeding pro se and in forma pauperis.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  In this order, the court addresses plaintiff's difficulties serving defendant Anderson and orders plaintiff to show cause why Anderson should not be dismissed from this action.

**BACKGROUND**

In June 2019, this court found service of the complaint appropriate on defendants Adams, Church, and Anderson.  Plaintiff originally submitted service documents for these defendants on July 1, 2019. (ECF Nos. 17, 18.)  On July 12, 2019, this court ordered the United States Marshal ("USM") to seek waiver of service from each defendant.  (ECF No. 20.)  On November 20, 2019, an unexecuted summons was returned for defendant Anderson.  (ECF No. 26.)  A notation on the summons stated "Per CDCR they do not have a Robert Anderson."

////

On November 25, 2019, this court ordered plaintiff to provide additional information to serve defendant Anderson. (ECF No. 27.) Plaintiff was given two more opportunities to do so. (See ECF Nos. 33, 36.)

On March 5, 2020, plaintiff filed a request for assistance in locating Anderson. (ECF No. 38.) Plaintiff explained that he and his spouse had attempted to locate Anderson through on-line searches and through contact with several governmental agencies. Because plaintiff had made significant efforts to locate Anderson, this court directed defendants' counsel to attempt to obtain a forwarding address for Anderson or other identifying information. In response, defendants' counsel provided information on Anderson, who was employed by CDCR as a contract physician for a short period of time in 2017. Defendants' counsel provided an address, phone number, and e-mail address. (ECF No. 40.)

This court then ordered the USM to serve the complaint on Anderson at the address provided by defendants' counsel. However, process directed to Anderson was again returned unserved. The USM was "unable to locate" Anderson at the address provided. (See ECF No. 47.) In addition, the USM noted that, according to a neighbor, Anderson had not resided at that address since 2017.

## DISCUSSION

Federal Rule of Civil Procedure 4(m) provides a time limit for service of a complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

While a plaintiff who has been granted in forma pauperis status is entitled to rely on the USM to serve a defendant, it is the plaintiff's duty to provide the defendant's address. Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) ("[W]here a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate."), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Howard v. Encinas, No.1:18-cv-01710 DAD

EPG, 2020 WL 2489634, at *2 (E.D. Cal. May 14, 2020) (same) (citing <u>Walker</u>, 14 F.3d at 1421-22).

This court has given plaintiff a substantial period of time to attempt to locate defendant Anderson and enlisted the aid of defendants' counsel as well.  Plaintiff will be given one final opportunity to either provide Anderson's address or show cause why Anderson should not be dismissed from this action.  Plaintiff is advised that any dismissal of Anderson will be without prejudice.  If plaintiff is later able to locate Anderson, the dismissal will not prevent plaintiff from pursuing an action against Anderson.

Accordingly, IT IS HEREBY ORDERED that within thirty days from the date of this order, plaintiff shall either provide an address for defendant Anderson or show cause why Anderson should not be dismissed from this action without prejudice.

Dated:  July 7, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/turn2672.8e(2)