UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. TURNER, | No. 2:18-cv-2672 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| CA DEPT. CORRS. AND REAHB., et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights under the Eighth Amendment. Presently before the court is non-party Dolores Johnson's motion for electronic filing access (ECF No. 58), motion for an extension of time to file an opposition to defendants' motion for summary judgment (ECF No. 59), defendants' opposition to that motion (ECF No. 60), and Ms. Johnson's reply (ECF No. 61).

**RELEVANT BACKGROUND**

On February 11, 2021, defendants filed a request for an extension of time to file their motion for summary judgment. (ECF No. 53.) In support of their motion that stated, they attempted to take plaintiff's deposition on December 2, 2020 but had to stop because of plaintiff's medical condition. (ECF No. 53.) Thereafter, they discovered that plaintiff had been medically paroled in late 2020 to a skilled nursing facility where he is receiving palliative care for end-stage

1

renal disease and other serious medical conditions.  (Id. at 4.)  The court granted a thirty-day extension of time and gave plaintiff an opportunity to file a statement indicating his opposition or non-opposition to a longer extension of the dispositive motion deadline.  Plaintiff did not respond to the court's order and defendants filed a motion for summary judgment on April 8, 2021.

On May 17, 2021 Ms. Johnson filed a motion seeking access to the court's e-filing system and a motion seeking an extension of time to file an opposition to defendants' motion for summary judgment.  (ECF Nos. 58, 59.)

**MOTION FOR AN EXTENSION OF TIME**

**I.     Ms. Johnson's Motion**

Ms. Johnson filed a motion for an extension of time to file an opposition to defendants' motion for summary judgment.  (ECF No. 59.)  She stated that she is plaintiff's "authorized agent or Power of Attorney on the life, medical and legal matters pertaining to plaintiff" and is responding on his behalf.  (Id. at 1-2.)  Her motion indicated that she wished to notify the court of her presence and requested to be notified "on any and all legal proceedings pertaining to the plaintiff while [he] is recovering from his mental incapacitation."  (Id. at 1.)

Ms. Johnson states that she received the court's February 17, 2021 order on April 14, 2021 when she discovered that plaintiff had received mail at the Asbury Park Nursing Facility where plaintiff presently presides.  (Id. at 1-2.)  She further indicates that plaintiff's address alternates between the Asbury Park Nursing Facility and Mercy General Medical Hospital in Sacramento, CA.  (Id. at 2.)  Ms. Johnson states plaintiff is "receiving palliative care for numerous MRSA infections, sepsis, end-stage renal disease, strokes, a massive heart attack and other serious medical conditions where he has been under a mental incapacitation state throughout most of the time."  (Id. at 2.)

Ms. Johnson requests more time to respond to defendants' motion so that she can gather documents and information.  She further requests the court appoint pro bono legal counsel.  She also does not have access to or knowledge of the Discovery and Scheduling Order (ECF No. 31) or relevant deadlines in this action.  She further seeks an extension of the discovery deadline, or to reopen discovery.  She states the discovery needed consists of "medical and staff records,

affidavits, depositions, interrogatory answers, admissions, or other documents relied upon that opposes" defendants' motion for summary judgment. Additionally, she asks that because it is difficult for plaintiff to send and receive mail that the address of record for plaintiff be updated. A power of attorney for health care decisions is attached as an exhibit to Ms. Johnson's motion. (ECF No. 59 at 5-12.)

### II. Defendants' Objection and Motion to Strike

Defendants' request the pleading be stricken because Ms. Johnson has no standing, is not an attorney or party in this case, the pleading is untimely, and it is unsigned. (ECF No. 60 at 1-2.) They further argue that the exhibit attached to Ms. Johnson's pleading shows that she has power of attorney over plaintiff's health care decisions, but that document does not give her authorization to act on his behalf in this action. (Id. at 2.)

Defendants also argue that Ms. Johnson's request to review and gather documents to oppose their motion for summary judgment is unorthodox and improper because she is not a licensed attorney, counsel of record, a party to this action, and her power of attorney relates only to plaintiff's medical care. (Id. at 3.)

Finally, defendants note that plaintiff failed to file an opposition or a request for additional time to file an opposition by the May 3, 2021 deadline. They indicate they are amenable to granting plaintiff a thirty-day extension of time to file an opposition but oppose the reopening of discovery. (Id. at 4.)

### III. Ms. Johnson's Reply

Ms. Johnson's reply reiterates arguments made in the motion for an extension of time and indicates that she has legal authority to act on plaintiff's behalf based on "the signed copy of durable power of attorney document" attached as an exhibit to her reply. (ECF No. 61 at 1; 6-15.)

### IV. Discussion

#### A. Power of Attorney Does Not Confer Standing

While a non-attorney may appear pro se on his or her own behalf, he or she "has no authority to appear as an attorney for others that himself." C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); see also E.D. Cal. Local Rule 183(a) ("Any individual

3

who is representing himself or herself without an attorney must appear personally . . . and may not delegate that duty to any other individual, including husband or wife."). A power of attorney does not confer standing to assert another party's constitutional claims or authority to represent another party in court." Wayne v. Johnson, 48 Fed.Appx. 679 (9th Cir. 2002) (citing Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997)).

"California prohibits the unauthorized practice of law in order 'to afford protection against persons who are not qualified to practice the profession.'" Lomax v. City of Antioch Police Officers, No. C 11-02858 CRB, 2011 WL 4345057 at *3 (N.D. Cal. Sept. 14, 2011) (quoting Gerhard v. Stephens, 68 Cal.2d 864, 918 (1968)). While California law recognizes power of attorney, "California courts have clearly rejected the proposition that the statute confers upon one holding a power of attorney the authority to provide legal representation to others." Lomax, 2011 WL 4345057 at *3. Accordingly, the power of attorney forms presented in Ms. Johnson's filings do not confer standing or authorize Ms. Johnson to act on plaintiff's behalf in this action.

Because Ms. Johnson does not have standing the court will deny her motion for an extension of time to respond to defendants' motion for summary judgment without prejudice.

### B. Questions Regarding Plaintiff's Competence

Ms. Johnson's filings, plaintiff's status on medical parole, and plaintiff's failure to respond to the court's February 17, 2021 order, have raised a question regarding plaintiff's competency. Federal Rule of Civil Procedure 17(c) requires a court to appoint a guardian ad litem or take "whatever measures it deems proper to protect an incompetent person during litigation." United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Washl (Acres), 795 F.2d 796, 805 (9th Cir. 1986). In a non-habeas civil action, the Ninth Circuit has "held that if an 'incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c).'" Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (quoting Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989)). The court may raise the issue sua sponte. Id. at 805.

The Ninth Circuit has held that when there is a "substantial question" regarding the mental competence of a party proceeding without counsel, the "preferred procedure" is a hearing to

determine whether the party is competent.  Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989).  Plaintiff's capacity to sue is governed by the law of his domicile, here California.  Fed. R. Civ. P. 17(b)(1).  "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, is unable to assist counsel in preparation of the case."  Golden Gate Way, LLC v. Stewart, No. 09-04458, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal.App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and In re Sara D., 87 Cal.App. 4th 661, 666-67 (2001)); see also Shankar v. United States Dep't of Homeland Sec., No. 13-01490, 2014 WL 523960, at *14 (N.D. Cal. Feb. 6, 2014) (same); Elder-Evins v. Casey, No. 09-05775, 2012 WL 2577589, at *2 (N.D. Cal. July 3, 2012) (same).  The court may appoint a guardian ad litem for an unrepresented person only if he consents or upon notice and a hearing.  Golden Gate Way, 2012 WL 4482053, at *2; Shankar, 2014 WL 523960, at *14; Elder-Evins, 2012 WL 2577589, at *2; Jessica G., 93 Cal.App. 4th at 1187-88.

Because it appears that plaintiff's medical condition may be affecting his ability to proceed with this action, the court will grant plaintiff an opportunity to respond to this order and indicate whether he would consent to the appointment of a guardian ad litem.  Should plaintiff fail to respond or indicate he is unwilling to consent, the court will hold a hearing to evaluate plaintiff's competency.

## MOTION FOR ELECTRONIC FILING

Ms. Johnson also filed a motion seeking access to the e-filing through the Electronic Court Filing (ECF) system as plaintiff's "authorized agent or Power of Attorney on the life, medical, legal, and financial matters concerning plaintiff's legal proceedings."  (ECF No. 58 at 1.)  She further indicates that it is difficult for plaintiff to receive legal documents from defendants and the court because of his "current medical state and situation."  (Id.)

The Local Rules generally require pro se parties to file and serve paper documents.  See E.D. Cal. Local Rule 133(a).  However, a pro se litigant may request an exception by filing a "motion [] setting out an explanation of reasons for the exception."  E.D. Cal. Local Rule 133(b)(2), (3).  As set forth above, the court has determined that Ms. Johnson does not have

5

standing to act on plaintiff's behalf in this action. Accordingly, the court will deny the motion for ECF Access.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Ms. Johnson's motion for an extension of time to respond to defendants' motion for summary judgment (ECF No. 59) is denied without prejudice.

2. Ms. Johnson's motion for e-filing access (ECF No. 58) is denied.

3. Within sixty days from the date of this order plaintiff shall file and serve a statement indicating whether he is willing to consent to the appointment of a guardian ad litem.

Dated: June 28, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DB/prisoner-civil rights/turn2672.eot.msj.p